GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-23-1344-PHX-SMB (ASB) |
|---|---|---|
| Plaintiff, | | **I N D I C T M E N T** |
| vs. | VIO: | 18 U.S.C. § 371 (Conspiracy) Count 1 |
| Samuel Horacio Martinez-Rodriguez, (Counts 1 and 6 - 9) | | 18 U.S.C. §§ 922(a)(6) & 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 2 – 9 |
| Jose D. Jesus Quintero-Macias, and, (Counts 1 - 3 and 5) | | |
| Jose Eduardo Puentes-Fierro, (Counts 1, 4 and 9) | | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |
| Defendants. | | |

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

From on or about October 10, 2022, through on or about February 22, 2023, in the District of Arizona and elsewhere, Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, and JOSE EDUARDO PUENTES-FIERRO did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United

States Code, to knowingly make a false and fictitious written statement to the dealer of firearms, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm stated that he was the actual transferee/buyer of the firearm, whereas in truth in fact, he was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### Purpose of the Conspiracy

The purpose of this conspiracy was to obtain firearms from a licensed dealer of firearms by means of knowing false statements and representations that concealed the identity of the true purchaser of the firearms from the records the dealer was required to maintain and commit and assist in the unlawful sale of firearms.

### The Means and Methods of the Conspiracy

The means and methods employed by Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, JOSE EDUARDO PUENTES-FIERRO, and other co-conspirators, was to carry out the conspiracy and effect its unlawful objects as follows:

It was part of the conspiracy that Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, and JOSE EDUARDO PUENTES-FIERRO, all residents of the Republic of Mexico, would purchase firearms by making material false statements to a licensed firearms dealer, with the knowledge and intention that the firearms would ultimately be transported from the United States into the Republic of Mexico.

It was a further part of the conspiracy that a co-conspirator would provide cash to pay for the desired firearm(s) to Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, and JOSE EDUARDO PUENTES-FIERRO to purchase the firearms, and a co-conspirator would take possession of the firearm(s) after each purchase and some of the firearms were to be smuggled from the United States into the Republic of Mexico.

It was a further part of the conspiracy that a co-conspirator would pay Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, and JOSE EDUARDO PUENTES-FIERRO for each person's participation in purchasing, transferring, and transporting the firearms.

It was a further part of the conspiracy that Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, JOSE EDUARDO PUENTES-FIERRO, and other co-conspirators never had any valid license or other authority to export the firearms from the United States into the Republic of Mexico or a license to deal firearms.

### Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

1) Between October 10, 2022, and February 22, 2023, a co-conspirator recruited and employed Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, and JOSE EDUARDO PUENTES-FIERRO to purchase firearms on his behalf, knowing that the firearms were going to be smuggled into Mexico.

2) Between October 10, 2022, and February 22, 2023, Defendant JOSE EDUARDO PUENTES-FIERRO purchased firearms for a co-conspirator, knowing at some point during the conspiracy that at least some of the firearms were going to Mexico.

3) Defendant JOSE EDUARDO PUENTES-FIERRO filled out and signed an ATF Form 4473 each time he purchased a firearm for a co-conspirator, knowingly lying on each of the ATF Form 4473s, which a federally licensed firearms dealer must keep as a record under federal law. Defendant JOSE EDURARDO PUENTES-FIERRO filled out separate Form 4473s to purchase the firearms he bought for a co-conspirator, indicating that he was the actual purchaser of each firearm, when he knew that he was buying each firearm for another person.

4) After each purchase, Defendant JOSE EDUARDO PUENTES-FIERRO gave the firearm(s) to Defendant JOSE D. JESUS QUINTERO-MACIAS or a co-conspirator,

who reimbursed him for each purchase. Defendant JOSE EDUARDO PUENTES-FIERRO was also paid $100 or $150 for making each firearm purchase.

5) On at least one occasion, Defendant JOSE EDUARDO PUENTES-FIERRO watched a firearm he purchased for a co-conspirator placed inside the back of a tractor trailer for transport to Mexico.

6) On January 13, 2023, Defendant JOSE EDUARDO PUENTES-FIERRO knowingly made false statements and representations to Jones and Jones LLC when he purchased a firearm for a co-conspirator.

7) A co-conspirator had the firearm purchased on January 13, 2023, smuggled into Mexico where Mexican law enforcement recovered it six days later, on January 19, 2023.

8) Between November 4, 2022, and January 20, 2023, Defendant JOSE D. JESUS QUINTERO-MACIAS purchased three rifles for a co-conspirator. Defendant JOSE D. JESUS QUINTERO-MACIAS purchased three rifles for a co-conspirator and lied on three separate ATF Form 4473s, indicating that he was the actual purchaser of each firearm, when he knew that he was buying each firearm for a co-conspirator.

9) Defendant JOSE D. JESUS QUINTERO-MACIAS met a co-conspirator and Defendant JOSE EDUARDO PUENTES-FIERRO at a McDonalds restaurant in San Luis, Arizona prior to each purchase to get the money to purchase each firearm and to get instructions on what firearm to purchase.

10) Between January 31, 2023, and February 22, 2023, Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ purchased a total of five firearms for a co-conspirator. Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ met a co-conspirator at a McDonalds restaurant in San Luis, Arizona prior to making each purchase to get the money to purchase each of the firearms and to get instructions on what firearm(s) to purchase.

11) Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ met a co-conspirator after each purchase to give him the firearm(s). A co-conspirator paid

- 4 -

Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ $250 for each firearm he delivered to him.

12) Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ completed an ATF Form 4473 each time he purchased a firearm(s) and lied on each form, indicating that he was the actual purchaser of each firearm, when he knew he was purchasing the firearm for another person. Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ lied on a total of four ATF Form 4473s, which federal firearms dealers are required to keep as records under federal law.

**Overt Acts on February 22, 2023**

13) On February 22, 2023, Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ and JOSE D. JESUS QUINTERO-MACIAS arrived at Sprague's Sports LLC in a white van and entered the gun store together to look at firearms. Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ purchased two firearms for another person and lied on the ATF From 4473, indicating he was the actual purchaser of the firearm(s). During Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ firearm purchase, Defendant JOSE EDUARDO PUENTES-FIERRO was also at the store.

14) On February 22, 2023, Defendant JOSE EDUARDO PUENTES-FIERRO entered Sprague's Sports LLC a few hours before Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ and JOSE D. JESUS QUINTERO-MACIAS were in the gun store. Defendant JOSE EDUARDO PUENTES-FIERRO purchased one firearm for another person and lied on the ATF From 4473, indicating he was the actual purchaser of the firearm.

15) Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ paid $2,499 cash for the firearms he purchased for another person.

16) On February 22, 2023, Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ and JOSE D. JESUS QUINTERO-MACIAS left Sprague's Sports LLC together and delivered the two rifles Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ purchased to another person.

At the time of the commission of all these overt acts, the firearms qualified as United States Commerce Control List items, and therefore were prohibited by law for export from the United States into Mexico without a valid license.  Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ, JOSE D. JESUS QUINTERO-MACIAS, JOSE EDUARDO PUENTES-FIERRO, and their co-conspirators did not have a license or any other lawful authority to export the firearms from the United States into Mexico or to buy or sell firearms.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about November 5, 2022, in the District of Arizona, Defendant JOSE D. JESUS QUINTERO-MACIAS knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant JOSE D. JESUS QUINTERO-MACIAS did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 3

On or about November 5, 2022, in the District of Arizona, Defendant JOSE D. JESUS QUINTERO-MACIAS knowingly made false statements and representations in connection with the acquisition of a firearm to Sprague's Sports LLC, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Sprague's Sports LLC, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter

44 of Title 18, United States Code, to be kept in the records of Sprague's Sports LLC, in that Defendant JOSE D. JESUS QUINTERO-MACIAS did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 4

On or about January 13, 2023, in the District of Arizona, Defendant JOSE EDUARDO PUENTES-FIERRO knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant JOSE EDUARDO PUENTES-FIERRO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

On or about January 20, 2023, in the District of Arizona, Defendant JOSE D. JESUS QUINTERO-MACIAS knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant JOSE D. JESUS QUINTERO-MACIAS did execute a Department of Justice,

- 7 -

Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 6

On or about January 31, 2023, in the District of Arizona, Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 7

On or about February 1, 2023, in the District of Arizona, Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s),

whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 8

On or about February 13, 2023, in the District of Arizona, Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ knowingly made false statements and representations in connection with the acquisition of a firearm to Jones and Jones, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant SAMUEL HORACIO MARTINEZ-RODRIGUEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, he was purchasing the firearm(s) on behalf of someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 9

On or about February 22, 2023, in the District of Arizona, Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ and JOSE EDUARDO PUENTES-FIERRO each knowingly made false statements and representations in connection with the acquisition of a firearm to Sprague's Sports LLC, which were intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by Sprague's Sports LLC, which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Sprague's Sports LLC, in that Defendants SAMUEL HORACIO MARTINEZ-RODRIGUEZ and JOSE EDUARDO PUENTES-FIERRO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, each stating he was the actual transferee/buyer of the firearm(s), whereas in truth in fact, each was purchasing the firearm(s) on behalf of

someone else.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations in Counts 1 through 9 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 9 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants is liable.

If any forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//

- 10 -

All in accordance with 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date:  September 26, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/
SHEILA PHILLIPS
Assistant U.S. Attorney