JON M. SANDS
Federal Public Defender
District of Arizona
2285 S. 4th Avenue, Suite 2E
Yuma, Arizona  85364
Telephone: 928-314-1780

Jared H. Eggers,
AZ State Bar #031325
Asst. Federal Public Defender
Attorney for Defendant
jared_eggers@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01344-01-PHX-SMB |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)** |
| Samuel Horacio Martinez-Rodriguez, | |
| Defendant | |

Defendant Samuel Horacio Martinez-Rodriguez, by and through undersigned counsel, hereby requests a sentence reflecting a downward variance from the applicable United States Sentencing Guideline range taking into consideration sentencing factors set forth in Title 18 U.S.C. § 3553(a) and further clarified in United States Supreme Court decisions such as Rita v. United States, 127 S. Ct. 2456 (2007), Kimbrough v. United States, 128 S.Ct. 558 (2007) and Gall v. United States, 128 S. Ct 586 (2007).

The defense proffers that a sentence in the range of 6 to 10 months is a substantial and just punishment under the circumstances and comports with the goals outlined in Title 18 U.S.C. § 3553(a).

...

### **<u>MEMORANDUM</u>**

Since the Booker decision, the overarching statutory charge for the District Court is to "impose a sentence sufficient, but not greater than necessary" to meet the statutory purposes of sentencing. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The District Court may not presume that the guideline range is reasonable, nor may the guideline range be given more or less weight than any other sentencing factor. "While the Guidelines are to be respectfully considered, they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Id.*

One reason for the shift to a more discretionary independent analysis of each case is that the Guidelines are often too harsh, calling for sentences that are greater than necessary to effect the statutory goals of sentencing. *See United States v. Ranum*, 353 F.Supp.2d.984, note 1 (E.D. Wisc. 2005) (citing an article that quotes Justice Anthony Kennedy's statement in his August 9, 2003, address at the American Bar Association's Annual Meeting, that "our punishments [are] too severe, our sentences too long.").

### **<u>FACTS</u>**

Samuel Horacio Martinez-Rodriguez was arrested for, False Statement During Purchase of Firearm, on September 28, 2023. On December 12, 2023, he pleaded guilty to count nine of the indictment pursuant to a written plea agreement. The Defendant waived his rights to a preliminary hearing, and a trial by jury. He also waived his right to appeal.

On February 27, 2024, a presentence report ("PSR") was filed in this matter. The presentence report recommends a term of 10 months for his first felony offense. Mr. Martinez agrees that he currently falls within the sentence range of 10

to 16 months, with a cap of 10 months, as outlined in the PSR but respectfully requests a 2-level downward variance on the basis set forth in this memorandum.

## ARGUMENT

Mr. Samuel Horacio Martinez-Rodriguez submits the following factors for the Court to consider in determining a sentence in this matter.

### 1.  Nature and Circumstances of the Offense

On February 22, 2023, Mr. Martinez entered Sprague's Sports, a federal firearms licensee in Yuma, Arizona. He filled out A Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473. Placing incorrect information on the form, including a U.S. mailing address, he purchased a Christensen Arms Modern Precision Rifle (MPR) .338 Lapua. Unfortunately, Mr. Martinez did not reside at that address, which is a friend's family member's address, and he did not fully comprehend the possible consequences of his actions at the time. The firearms he purchased were delivered to an acquaintance in the United States and he was paid $250 dollars for each purchase. Mr. Martinez purchased a total of 5 firearms over the period of approximately 1 month.

### 2.  History and Characteristics of the Defendant

Mr. Martinez-Rodriguez is a U.S. citizen, he was born in Phoenix, Arizona. Mr. Martinez reported that he was raised in a supportive home free of neglect or abuse. He was raised by both parents and has one sibling. His parents and brother reside in San Luis Rio Colorado, Sonora, Mexico. (See PSR, paragraph 48). Mr. Martinez has lived most of his life in San Luis Rio Colorado, except for seasonal jobs in the United States which required travel. (See PSR, paragraphs 50). Mr. Martinez is a blue-collar worker, mainly working in the U.S. agricultural industry

as a field worker. However, he lives in Mexico with his family and crosses into the United States for work purposes.

Mr. Martinez is a 30-year-old family man. He is in a common law relationship with 3 daughters and 2 stepsons. He began working at a young age and has consistently held employment. He has been in a steady relationship for many years and is usually the main provider for his family. (See PSR, paragraph 49). For 6 months prior to this arrest he was often unemployed and became desperate to earn some extra money. He reported to the ATF Agents during his initial interview that he became involved in the instant offense because he was not making enough to cover his wife's medical expenses. He has a record that can best be described as impeccable prior to this instant offense. (See PSR, paragraphs 40-46).

Mr. Martinez-Rodriguez has no criminal history or prior contacts with law enforcement. He had never spent any time in jail prior to this federal offense. At the time of sentencing, he will have 186 days of detention completed. During these past 6 months incarcerated he realized that he should not have put himself in this situation to begin with. It was only his desperate financial need, and his failure to recognize the magnitude of his actions, that caused his irrational behavior. However, this was aberrant behavior for Mr. Martinez and something he never plans on repeating after experiencing such severe consequences.

Mr. Martinez found himself facing time in prison after he committed the instant offense. He is guilty of putting incorrect information on a government form, and buying firearms for someone else, but he is not a criminal. His one mistake, made out of desperation, should not overshadow his entire life of hard work and family life. However, this experience has opened his eyes to the possible consequences of his actions. He has now learned his lesson; he does not need an

4

unduly harsh sentence. He has already suffered from family separation, 6 months of incarceration, and will have a felony conviction on his record.

Although, at first, he did not consider the repercussions of his actions, he now realizes the severity of his actions and he is remorseful. (See PSR, paragraph 29). He has had time to reflect on the bigger picture and realizes he was hurting his own community with his reckless actions. However, Mr. Martinez is ready and willing to do whatever is required of him to get on with his life in a positive direction forward and he will forever be impacted by this felony conviction.

Mr. Martinez is asking for a downward variance based on remorse and aberrant behavior. Mr. Martinez has been a hard worker ever since he was young, this mistake does not define him as a criminal. He has worked for many years in the community around Yuma. Even though he did not complete his education, he has provided for his family for years. Mr. Martinez wants only to rejoin his family in San Luis, Mexico, as soon as possible and continue to provide for his wife and children. (See PSR, paragraph 51). Due to his personal circumstances, we are asking the Court to consider a 2-level downward variance.

Mr. Martinez is facing a sentencing range of a cap of 10 months under the plea agreement. This will be his first conviction of any kind. Because this will be defendant's first federal conviction, Defense proffers that a downward variance and a sentence of time served is appropriate. Mr. Martinez wishes to return to his family as soon as possible.

### 3.  **The Need to Afford Adequate Deterrence**

This will be the first felony conviction that Mr. Martinez receives. He was unaware how serious his actions were in the eyes of the government, and he had no idea he would be facing almost a year prison. He was acting without thinking about

the consequences when he bought firearms on behalf of another individual. He did not ask questions because he did not want to know any details, but he knew it was wrong. Mr. Martinez is now painfully aware that he made a terrible error of judgement, but it does seem as if he has learned his lesson, and he is truly remorseful.

The recommendation from the Probation Officer is the least possible considering his guideline range. However, the Probation Officer notes that a sentence within his range may be greater than necessary due to his complete lack of criminal history and supportive family system. Considering Mr. Martinez's personal circumstances, a slight downward variance would provide a more just outcome. A term of time served would better serve the objectives of the U.S.S.G. sentencing factors and will afford adequate deterrence in this specific instance.

### 4. Sentence to reflect seriousness of offense, promote respect for the law, and provide just punishment.

Mr. Martinez will have just over 6 months of incarceration completed at the time of sentencing. A sentence of time served would provide a just and adequate sentence under the circumstances. Mr. Martinez is completely amenable to supervised release and a recommendation that he be allowed to reside in Mexico will further assist his family's well-being.

The Sentencing Guidelines provide for a range of 10 to 16 months and the plea provides a sentencing Cap of 10 months. Since this will be a sentence for a non-violent crime and Mr. Martinez has no previous criminal history, we ask the Court to consider a 2-level downward variance for remorse and aberrant behavior and impose a sentence of time served. We respectfully request the Court take into consideration this will be Mr. Martinez's first federal conviction and he will face

6

all the penalties that come with a felony conviction, such as losing the right to vote, to own firearms, and also the stigma that attaches to a felony conviction.

**CONCLUSION**

Mr. Martinez-Rodriguez comes before the Court requesting a sentence reflecting a downward variance from the guideline imprisonment range that applies in his case. Mr. Martinez understands that he will face challenges going forward but with work goals set in place, he is sure this will be his first and last contact with the criminal justice system. We entreat the Court to grant a 2-level downward variance and sentence Mr. Martinez to a time served sentence which satisfies the goals enumerated in § 3553 (a).

A sentence of time served is a substantial and just punishment under the circumstances.

Respectfully submitted: March 20, 2024.

JON M. SANDS
Federal Public Defender

*s/Jared H. Eggers*
Jared H. Eggers
Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing March 20, 2024, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse

Sheila Phillips, AUSA

Copy mailed to:

Rebecca L. Briggs
United States Probation

Defendant
Martinez-Rodriguez, Samuel Horacio

*L. Aguilera*
L. Aguilera