Tony Rollman
Arizona Bar Number 022668
P.O. Box 12730
Scottsdale, AZ AZ 85267
(602) 726-4291
Email: tony@tonyrollmanlaw.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jose D. Jesus Quintero-Macias,<br><br>Defendant. | No.CR-23-1344-PHX-SMB<br><br>**OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** |

Now Comes the Defendant, by and through the undersigned attorney, and hereby makes these objections to the Presentence Investigation Report:

Paragraph 36-Adjustment for Role in the Offense: None.

**Objection:** The Presentence Investigation Report (hereinafter "the PSR") fails to give the Defendant an adjustment for the role in the offense. In this case, Mr. Quintero is substantially less culpable than the average participant in the criminal activity and should receive a reduction in his total offense level as either a minimal or minor participant.

In paragraph 23 of the PSR, Martinez-Rodrigues purchased 5 firearms. Puentes-Fierro purchased 16 firearms and is considered a manager or supervisor (see paragraph 25). Miranda Bojorquez is an organizer or leader of the criminal activity (see paragraph 26). Mr. Quintero only purchased 3 firearms at the direction of a co-defendant.

In paragraph 24 of the PSR, the United States Probation Officer considered Mr. Quintero an average participant. Accordingly, the PSR fails to make any reduction for his role in this offense. Therefore, the PSR suggests Mr. Quintero's Total Offense Level in paragraph 42 is 15. Paragraph 66 of the PSR provides that the guideline range of imprisonment is 18 to 24 months, based upon a total offense level of 15 and a Criminal History Category of I.

However, Mr. Quintero was substantially less culpable than the average participant in this criminal activity. His participation in the criminal scheme was minimal, and certainly less than all of the other named participants in the criminal activity. Mr. Quintero also received very little personal gain in the scheme of this crime. He did not plan or organize the criminal activity, did not exercise any decision making authority, and did not influence the exercise of the decision making authority. At no time was Mr. Quintero considered a leader, organizer, manager or supervisor in this criminal activity. Mr. Quintero stood to benefit very little from the criminal activity and had no proprietary interest in the criminal activity. The fact that Mr. Quintero performed an essential role in the purchase of the three firearms is not determinative in whether this Court should consider his role in this offense. Mr. Quintero should still receive an adjustment since he was substantially less culpable that the average participant in this criminal activity.

Section 3B1.2 of the United States Sentencing Guidelines, a Defendant should receive a reduction in the total offense level for their role in the offense if:

The Defendant was a minimal participant in the criminal activity, the offense level should be decreased by 4 levels; or the Defendant was a minor participant in the criminal activity, the offense level should be decreased by 2 levels. In cases where the Defendant's mitigating role falls between these two, then the Court should decrease the offense level by 3 levels. Here, Mr. Quintero should receive a 4 level reduction in his total offense level do to his minimal participation in this criminal activity. In the alternative, Mr. Quintero should receive a 3 or 2 level reduction in his offense level due to his mitigating role in this criminal activity.

Should this objection be allowed, Paragraph 66 of the PSR would be changed as well. Should this objection be allowed, Paragraph 38 of the PSR would change to a level 12, after a 2

level reduction for Acceptance of Responsibility. In the alternative, should this Court consider Mr. Quintero a minor participant instead, then Paragraph 38 would change to a level 13 after a 3 level reduction for Acceptance of Responsibility. The Sentencing Guidelines would suggest a sentence of 10 to 16 months for a total offense level of 12 with a Criminal History Category of I. The Sentencing Guidelines would suggest a sentence of 12 to 18 months with a total offense level of 13 with a Criminal History Category of I.

**RESPECTFULLY SUBMITTED,** this May 11, 2024.

By:/s/Tony Rollman
Tony Rollman, 022668
*Attorney for Defendant*

Certificate of Service:
I hereby certify that on May 11, 2024 I caused the foregoing to be filed with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF system for filing. I further certify that all case participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I have mailed a copy of the foregoing to the Defendant on this day.

/s/Tony E. Rollman