Tony Rollman
Arizona Bar Number 022668
P.O. Box 12730
Scottsdale, AZ 85267
(602) 726-4291
Email: tony@tonyrollmanlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-1344-002-PHX-SMB |
| Plaintiff, | **MOTION FOR VARIANCE FROM ADVISORY GUIDELINES AND MEMORANDUM AT SENTENCING** |
| v. | |
| Jose D. Jesus Quintero Macias, | |
| Defendant. | |

I.      Background-Personal History

Jose Quintero will be appearing before This Court for the serious mistakes he made that will negatively affect the remainder of his life. Jose was only 20 years old when he committed this crime. He is a citizen of the United States and was born in Yuma, Arizona.  He has maintained gainful full time employment at Pepsi Co. in Phoenix since August of 2023.  This position at Pepsi Co. allows him greater economic stability than his previous employment did. Jose has a strong support group in his local community in Arizona, with a stable home life and the support of his family and friends. Jose has benefitted from Pretrial Release Supervision since

November of 2023 and has been compliant with all of their requirements since that time. Jose admitted responsibility to this crime and is sincerely remorseful for committing this offense.

II.   At the time of sentencing, it will be This Court's duty to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing.

After *United States v. Booker, 543 U.S. 220 (2005)*, the United States Sentencing Guidelines are no longer binding on This Court.  As long as a sentencing judge considers the applicable Guideline Range and whether that range accords with the 18 U.S.C. Section 3553(a) factors, that judge is permitted to impose any "reasonable" sentence within the statutorily prescribed range.  A sentence within the applicable Guideline Range is presumed to be "reasonable", although it is with the court's discretion to determine otherwise.  *Rita v. United States, 127 S. Ct. 2456 (2007)*.

In *Rita*, the United States Supreme Court clarified that although an appellate court may apply a presumption of reasonableness to a district court sentence imposed within a properly calculated Guideline Range, such a presumption does not apply in the district court.  *Rita at 2456*.  Specifically, the Supreme Court held that "In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id. Rita* tells us that a sentencing court is expressly barred from entertaining the

non-binding "presumption" that an appellate court "may" enjoy. Further, a district court need not say it is applying a presumption in order to be reversed. It may not say, for example, that it does not see "any reason why the Guidelines sentence isn't appropriate" in a particular case, or that it cannot sentence below the Guidelines range unless a defendant has " presented some kind of good reason." *See United States v. Ross,* 501 F.3d 851, 852 (7th Cir. 2007)(reversing based on those statements).

The application of, and departure from, the advisory Guidelines has been further clarified by the United States Supreme Court in *Gall v. United States*, 128 S.Ct. 586 (2007). In *Gall*, the Court held that when reviewing the reasonableness of a sentence outside of the advisory Guideline Range, an appellate court may consider the degree of the variance from the Guidelines, but no rule requires "extraordinary" circumstances to justify a sentence outside the Guidelines Range, nor shall a court engage in any sort of proportionality analysis. *Id.* At 595. Furthermore, in reviewing a sentence that departs from the recommended Guidelines Range, the extent of the difference between a particular sentence and the recommended Guidelines range is relevant, but the appellate court must review all sentences-whether inside, just outside or significantly outside the Guidelines Range-under an abuse of discretion standard. *Id.* At 597. Essentially, *Gall* supports the proposition that "the sentencing process involves an exercise in judgment, not a mathematical proof." *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008).

3

On the whole, case law has established that the range of available options to a sentencing court has been significantly broadened.  In fact, a sentencing court may conclude that a Guidelines Range fails to properly take into considerations the Section 3553 factors in cases where the Guidelines "do not exemplify the [Sentencing} Commission's exercise of its characteristic institutional role." *Kimbrough v. United States,* 128 S.Ct. 558, 570 (2007).

The sentence that the Guidelines advise for Jose is unreasonable.  The total offense level for Jose is 15 and his Criminal History Category is I, before the Court considers his objections to the Presentence Investigation Report. The Guidelines would suggest a sentencing range of 18 to 24 months.   However, the plea agreement provides that the United States and the Defendant stipulate that the Defendant's sentence shall not exceed the low end of the applicable guidelines range.  Nothing in this plea agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or The Court from imposing a sentence below the cap.   Jose Quintero asks This Court to accept the plea agreement and would respectfully request a downward variance and a sentence below the guideline range.

Jose Quintero was substantially less culpable than the average participant in the criminal activity. In paragraph 23 of the PSR, Martinez-Rodrigues purchased 5 firearms.  Puentes-Fierro purchased 16 firearms and is considered a manager or supervisor (see paragraph 25).  Miranda Bojorquez is an organizer or leader of the criminal activity (see paragraph 26).  Mr. Quintero only purchased 3 firearms at the direction of a co-defendant.

Jose was substantially less culpable than the average participant in this criminal activity.  His participation in the criminal scheme was minimal, and

certainly less than all of the other named participants in the criminal activity. Jose. Quintero also received very little personal gain in the scheme of this crime. He did not plan or organize the criminal activity, did not exercise any decision making authority, and did not influence the exercise of the decision making authority. Jose Quintero stood to benefit very little from the criminal activity and had no proprietary interest in the criminal activity. The fact that Jose performed an essential role in the purchase of the three firearms is not determinative in whether this Court should consider his role in this offense. Jose Quintero was substantially less culpable that the average participant in this criminal activity.

According to paragraphs 45 and 46 of the Presentence Investigation Report, Jose is a zero point offender and has a Criminal History category of I. The Sentencing Guidelines Range for a zero point offender is the same for a defendant who has accumulated one criminal history point, even though their relative risks of recidivism are not the same. The U.S. Sentencing Commission has promulgated amendments to the federal sentencing guidelines and has carved out a two level decrease in offense level for zero point offenders under Section 4C1.1 to allow the courts to reduce the sentences of zero point offenders as they have a lowered risk of recidivism. In several recidivism studies, the Commission found that zero point offenders recidivated far less often than other offenders (27 percent vs. 42 percent for one point offenders vs. 49 percent overall). See United States Sentencing Commission Comparison to Previous Retroactive Guideline Amendments (July 2023) and Recidivism of Federal Offenders Released in 2010 (September 2021).

Jose is a zero point offender. The Commission has found that zero point offenders have a risk of recidivism that is nearly half of the rest of the defendants sentenced. Therefore, the Criminal History Category I actually overstates the seriousness of zero point offenders' criminal history and related risk of recidivism.

Here, Section 4C1.1 will not apply to Jose and he will not receive a 2 level reduction in his offense level because this crime involves the purchase of a firearm. Even though Jose did not accumulate any criminal history points from Chapter 4, Jose did not receive any enhancement under Section 3A1.4, Jose did not use any violence or credible threats of violence in the commission of this offense, the offense did not result in death or serious bodily injury, the offense is not a sex offense, Jose did not cause any financial hardship, the offense is not covered under Section 2H1.1, and Jose did not receive an adjustment under Section 3A1.1 or 3B1.1, he will not benefit from this two level reduction to his offense level because of the firearm. Jose would otherwise qualify for the reduction as a zero point offender and his risk of recidivism is reduced as he exhibits all of the other indicia that Section 4C1.1 recognizes as lower recidivism risk markers. Jose's risk of recidivism is still reduced and less than that of a one point offender. While Jose will not benefit from this amendment and the acknowledgment of his lower risk of recidivism, This Court should consider this reduced risk of recidivism, which is even less than a one point offender, when fashioning this judgment.

To punish and deter him, Jose has already served one day in custody and will

continue to serve a sentence after this Sentencing Hearing.  Once released from incarceration,  Jose will face significant obstacles in finding and maintaining gainful employment as a result of this conviction.   Because of his criminal conviction, Jose will very likely be financially punished for the remainder of his young life.

The 18 U.S.C. Section 3553 factors relevant to this sentencing are:

(1) The Nature and Circumstances of the Offense

Counsel for the Defendant fully acknowledges the seriousness of this offense but again urges This Court to regard Jose as a young man who made a mistake when he was only 20 years old and has no other criminal history.

The history and characteristics of the Defendant

Jose's history and characteristics were previously stated at the beginning of this memorandum under personal history.  In the interest of judicial economy, counsel will direct the Court to the previous statements.

(2) The need to the sentence imposed

      A. To reflect the seriousness of the offense

      B. To promote respect for the law

      C. To provide just punishment for the offense

A sentence below the Guideline Range consistent with the plea agreement will still reflect the seriousness of this offense; promote respect for the law; and provide just punishment. A sentence of ten months, or less, incarceration is a

significant sentence and is sufficient but not greater than necessary to comply with the statutory purposes of sentencing that is set forth at 18 U.S.C. Section 3553(a).

Jose pled guilty pursuant to a plea agreement with the government, thus accepting responsibility for his actions. A sentence of less than ten months incarceration accounts for the nature and circumstances of the offense as well as his acceptance of responsibility. A sentence of less than ten months would promote respect for the law, afford adequate deterrence, and provide for the just punishment of this offense.

D. To afford adequate deterrence to criminal conduct

E. To protect the public from further crimes of the defendant

It is difficult to imagine that after serving a prison term, living with a federal criminal conviction, being supervised by U.S. Probation during the term of his Supervised Release after prison or jail, and being occupationally and financially handicapped, that Jose would not be deterred by the overwhelming gravity of the totality of the circumstances. Furthermore, the inevitable negative ramifications for his conduct and the stigma associated with this conviction will adequately accomplish the purposes of sentencing while adequately deterring both Jose and the general public from committing similar offenses. A sentence below the Guideline Range consistent with the stipulations of the plea will also satisfy the need to avoid unwarranted sentence disparities among defendants with similar criminal records who have been found guilty of similar criminal conduct and would be consistent

with the sentences received by defendants that are similarly situated to Jose.

Section 2K2.1 (b)(1) increases the base offense level for firearm related crimes based upon the number of firearms involved. Clearly, the Commission intended to increase the level of potential punishment relative to the number of firearms involved. Correspondingly, the Commission considered a lesser punishment when less firearms were purchased. Jose's co-defendant, Samuel Horacio Martinez-Rodriguez was responsible for purchasing five (5) firearms. Jose only purchased three (3) firearms. This Court sentenced Martinez-Rodriguez to ten (10) months in custody followed by thirty six months of supervised release. To prevent sentencing disparity, it is appropriate for this Court to sentence Jose to a term less than ten months in custody since he is responsible for less firearms than his co-defendant.

Conclusion

Above and beyond the Sentencing Guidelines always is the overarching principle of parsimony-the Congressional directive that the courts impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553(a). Jose's crime is serious, but Jose has worked hard to overcome significant challenges while dealing with limited financial resources and limited opportunities. Regardless of the sentence This Court imposes, Jose's life will never be the same as he lives under the shadow of the stigma of this federal conviction. Jose accepts the need for This Court to punish

him, but implores the Court to sentence him to a sentence below the Guideline Range of incarceration. Further, This Court has found Jose to be indigent. Due to his indigency, he requests that This Court to not impose a fine. Finally, Jose has been on pretrial release since November 17, 2023 and has been compliant since that time. He respectfully requests that he be allowed to self surrender if a custody sentence is imposed.

Respectfully submitted, this the 23 day of May, 2024..

/s/Tony E. Rollman
Tony E. Rollman
Attorney for Defendant


Certificate of Service:
I hereby certify that on May 23, 2024 I electronically transmitted the foregoing to the Clerk of the Court for the District of Arizona via the CM/ECF system for filing and emailed a copy to the U.S. Attorney's office.

/s/Tony E. Rollman